In the Matter of MARC GIL SCHULTZ, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, February 1, 1988

### APPEARANCES OF COUNSEL

*Robert Straus (Robert J. Saltzman* of counsel), for petitioner.

*Obermaier, Morvillo & Abramowitz (Otto G. Obermaier* and *Faye Kessin* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was admitted to the practice of law by this court on January 31, 1973. By orders of this court dated October 28, 1985, and December 13, 1985 (115 AD2d 575), respectively, the respondent was suspended from the practice of law pending the outcome of this disciplinary proceeding based upon his conviction of "serious" crimes.

The respondent was charged in this proceeding with having been convicted of "serious crimes" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7 in that, after a jury trial in the United States District Court for the Eastern District of New York, he was found guilty on August 13, 1985, of violating 18 USC §§ 1341 and 1342 (mail fraud) (two counts), a Federal felony, and of violating 18 USC § 1962 (c) and (d) (engaging in a pattern of racketeering activities and conspiring to engage in a pattern of racketeering activities). On October 15, 1985, the respondent was sentenced to a term of five years' imprisonment, the execution of which was suspended. The respondent was placed on probation for five years and ordered to take part in the Nassau County Work Release Program for four months, participate in community service, pay a fine of $22,000, and, as a condition of probation, have nothing to do with the practice of law. The Special Referee sustained this charge.

The petitioner has moved to confirm the report of the Special Referee and the respondent had cross-moved, *inter alia,* to disaffirm the report.

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. The petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion is denied.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances advanced by the respondent at the hearing of this matter as well as the character evidence presented. Nevertheless, the respondent is guilty of serious professional misconduct. Accordingly, the respondent is disbarred and it is directed that his name be stricken from the roll of attorneys and counselors-at-law forthwith.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and RUBIN, JJ., concur.