### (August 24, 1992)

■ In the Matter of PHILIP I. KAGAN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. By prior decision and order (Matter of Kagan, 184 AD2d 912) respondent was suspended from the practice of law pursuant to Judiciary Law § 90 (4) (f) on account of his conviction of a serious crime (see, Judiciary Law § 90 [4] [d]) pending entry of a final disciplinary order pursuant to Judiciary Law § 90 (4) (g). Respondent was convicted in the United States District Court for the District of New Jersey on January 15, 1992, upon his plea of guilty to

the Federal felony of engaging in racketeering activities (predicated upon his admission to the offense of securities fraud) in violation of 18 USC § 1962 (c).

On June 29, 1992, he was sentenced to 18 months in prison commencing August 17, 1992 and to 3 years probation upon his release from prison.

Both New Jersey and the District of Columbia, where respondent has also been admitted to practice, have temporarily suspended respondent from practice by reason of his conviction pending final disciplinary action.

In view of respondent's conviction of a Federal felony involving elements of securities fraud and racketeering, and absent any compelling mitigating factors, we determine that respondent should be disbarred *(see, e.g., Matter of Schultz,* 135 AD2d 78).

Weiss, P. J., Levine, Mahoney, Casey and Harvey, JJ., concur. Ordered, that Philip I. Kagan, who was admitted as an attorney and counselor-at-law by this Court on June 19, 1980, be and hereby is disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately; and it is further ordered, that respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered, that respondent shall comply with the provisions of section 806.9 of the rules of this Court (22 NYCRR 806.9) regulating the conduct of disbarred, suspended or resigned attorneys.